IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 22, 2020 Session

## JADA SUE CAIL v. HOWARD ANTHONY MEADOWS

**Appeal from the Juvenile Court for Meigs County**
**No. 2018-JC-41      Casey Mark Stokes, Judge**

_____

### No. E2019-00689-COA-R3-JV
_____

The appellant in this parenting dispute has appealed the trial court's order and the incorporated permanent parenting plan, both of which the trial court entered on December 6, 2018. Having determined that the permanent parenting plan at issue is incomplete, we further determine that the order incorporating the parenting plan is not a final order. Therefore, we dismiss this appeal for lack of subject matter jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

William A. Mynatt and Julia M. Hale, Knoxville, Tennessee, for the appellant, Jada Sue Cail.

Russell J. Blair, Athens, Tennessee, for the appellee, Howard Anthony Meadows.

### MEMORANDUM OPINION[1]

The appellant, Jada Sue Cail ("Mother"), and the appellee, Howard Anthony Meadows ("Father"), have one child together ("the Child"). On April 16, 2018, Mother filed a petition to approve a permanent parenting plan that would have governed the parties' residential co-parenting time. In her petition, Mother attached a proposed

_____

[1] Tennessee Court of Appeals Rule 10 provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

permanent parenting plan and child support worksheet that would have, *inter alia*, named Mother primary residential parent, provided Mother with 247 days of residential co-parenting time annually, provided decision-making authority to both Mother and Father jointly, and awarded Mother $647.00 per month in child support from Father. Father filed his own petition to establish a permanent parenting plan on April 19, 2018.[2] In his petition, Father averred, *inter alia*, that it was in the best interest of the Child that the Child be placed in the primary residential care of Father.

Although the permanent parenting plan that was subsequently entered by the court was designated as an "agreed" plan, both parties concede that the trial court entered as an order the permanent parenting plan proposed by Father after the parties could not come to an agreement. We note that the permanent parenting plan entered by the court is not signed by either of the parties or their counsel. Rather, the plan is only signed by the trial court judge.

On December 6, 2018, the trial court entered an order incorporating the permanent parenting plan by reference and finding, *inter alia*, that relocating the Child "over twenty-five (25) hours away from the Father, paternal grandparents and family, and the maternal grandmother's family was not in the best interest of the minor child." Moreover, the trial court found that "considering all relevant factors . . . it is in the best interests of [the Child] that the Father be designated as the Primary Residential Parent and that [the Child] shall reside with the Father in Tennessee, subject to the co-parenting time of the Mother." In the permanent parenting plan order, the trial court awarded to Father 281 days and to Mother 84 days of residential co-parenting time per year and provided that Mother and Father should jointly make all major decisions.

In the Child Support section, the permanent parenting plan provided that Mother was to pay child support to Father on a monthly basis, but no amount is stated. Although the permanent parenting plan provided that a child support worksheet "shall be attached to this Order as an Exhibit," no such worksheet appears in the record to establish the child support amount. Furthermore, the permanent parenting plan contained no residential schedule whatsoever indicating how the parties would exercise co-parenting time with the Child. In addition, the trial court did not certify the December 6, 2018 order at issue here as a final judgment pursuant to Tennessee Rule of Civil Procedure 54.02.

We accordingly determine that the December 6, 2018 order incorporating the permanent parenting plan is not a final order. An order that does not adjudicate all the claims between all the parties is "subject to revision at any time before entry of a final judgment" and is not appealable as of right. *See* Tenn. R. App. P. 3(a). *See also In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) ("A final judgment is one that

---

[2] The trial court, by order, consolidated the two petitions into one action.

- 2 -

resolves all the issues in the case, 'leaving nothing else for the trial court to do.'") (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)).

Inasmuch as this appeal was taken from an order that was not final, we lack subject matter jurisdiction. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). Accordingly, we must dismiss the appeal.

The appeal of this matter is dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. This case is remanded to the trial court for further proceedings consistent with this opinion. Costs on appeal are taxed to the appellant, Jada Sue Cail.

_____
THOMAS R. FRIERSON, II, JUDGE